```
 1                    UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF TEXAS
 2                          SHERMAN DIVISION

 3    UNITED STATES OF AMERICA      | DOCKET 4:20-CR-58(3)
                                    |
 4                                  | JANUARY 23, 2024
      VS.                           |
 5                                  | 11:37 A.M.
                                    |
 6    TEKERIYON ZEYONDRICK SHERFIELD | SHERMAN, TEXAS

 7    ------------------------------------------------------------

 8              VOLUME 1 OF 1, PAGES 1 THROUGH 12

 9         REPORTER'S TRANSCRIPT OF SENTENCING HEARING

10          BEFORE THE HONORABLE AMOS L. MAZZANT, III,
                   UNITED STATES DISTRICT JUDGE
11
      ------------------------------------------------------------
12

13    APPEARANCES:

14    FOR THE GOVERNMENT:      MICHAEL A. ANDERSON
                               U.S. ATTORNEY'S OFFICE - PLANO
15                             101 E. PARK BOULEVARD, SUITE 500
                               PLANO, TX 75074
16

17    FOR THE DEFENDANT:       NATHAN ROGERS
                               BURLESON, PATE & GIBSON, LLP
18                             900 JACKSON STREET, SUITE 330
                               DALLAS, TEXAS 75202
19

20    COURT REPORTER:          CHRISTINA L. BICKHAM, CRR, RDR
                               FEDERAL OFFICIAL REPORTER
21                             101 EAST PECAN
                               SHERMAN, TX 75090
22

23

24
           PROCEEDINGS RECORDED USING MECHANICAL STENOGRAPHY;
25        TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.
```

```
 1                (Open court, defendant present.)
 2                THE COURT:  Our next case is 4:20-cr-58, United
 3   States of America versus Mr. Sherfield.
 4                MR. ANDERSON:  Michael Anderson appearing on
 5   behalf of the United States Government, your Honor.
 6                MR. ROGERS:  Nathan Rogers for Mr. Sherfield, your
 7   Honor.
 8                THE COURT:  Okay.  And then, sir, you are here for
 9   your sentencing pursuant to your final presentence report
10   that was filed on November 8th, 2023.  Have you had a
11   chance to review the final presentence report, sir?
12                THE DEFENDANT:  Yes, sir.
13                THE COURT:  Have you had a chance to discuss it
14   with counsel?
15                THE DEFENDANT:  Yes, sir.
16                THE COURT:  And do you understand it?
17                THE DEFENDANT:  Yes, sir.
18                THE COURT:  And do you believe the report
19   adequately covers your background?
20                THE DEFENDANT:  Yes, sir.
21                THE COURT:  And are you satisfied with the
22   accuracy of the report?
23                THE DEFENDANT:  Yes, sir.
24                THE COURT:  And then, Mr. Rogers, have you had the
25   chance to review the final presentence report with your
```

1  client, and do you believe he understands it?

2          MR. ROGERS:  I have, your Honor, and I do.

3          THE COURT:  And do you have any comments,

4  additions, or corrections to the report?

5          MR. ROGERS:  No, your Honor.

6          THE COURT:  On behalf of the government,

7  Mr. Anderson, any comments, additions, or corrections to

8  the report?

9          MR. ANDERSON:  No, your Honor.

10         THE COURT:  And then there were no objections by

11 either side?

12         MR. ROGERS:  That's correct.

13         MR. ANDERSON:  Correct.

14         THE COURT:  Okay.  Sir, you pleaded guilty to two

15 different counts, Count 1, conspiracy to interfere with

16 interstate commerce by robbery and by aiding and abetting

17 and Count 10, using, carrying, and brandishing a firearm

18 during and in relation to and possessing and brandishing a

19 firearm in furtherance of a crime of violence and aiding

20 and abetting.

21         To the extent the Court hadn't fully accepted the

22 Plea Agreement, the Court will fully accept it now.

23         So the Court finds the information contained in

24 the presentence report has sufficient indicia of

25 reliability to support its probable accuracy.  The Court

1   adopts the factual findings, undisputed facts, and the
2   guideline applications in the presentence report.
3           Based upon a preponderance of the evidence
4   presented and the facts in the report, while viewing the
5   sentencing guidelines as advisory, the Court concludes as
6   follows:  Your total offense level is a 30, your criminal
7   history category is a I, which provides for an advisory
8   guideline range for Count 1 of 97 months to 121 months and
9   then Count 10 is 7 years consecutive to all other counts.
10          So I have a Sentencing Memorandum and Request for
11  Variance, but you can go ahead and say anything you want to
12  say about that.  Mr. Rogers, I'll call upon you first to
13  comment on what you believe the appropriate sentence should
14  be.
15          MR. ROGERS:  Yes, your Honor.  May we approach?
16          THE COURT:  Yes.
17          (Sidebar conference, off the record.)
18          MR. ROGERS:  Thank you, your Honor.  We are going
19  to ask for a sentence at the bottom of the guidelines.
20          THE COURT:  Okay.  Mr. Anderson, does the
21  government have a position on that?
22          MR. ANDERSON:  Well, yes, your Honor.  I would ask
23  that the -- the government's position is we would ask for
24  the recommended sentence by the PSR writer.  My
25  understanding is -- maybe you're asking a different

1  question.  If they are withdrawing their variance, that's
2  fine with the government today.
3           THE COURT:  No, I understood.
4           MR. ROGERS:  That's correct, your Honor.  Based on
5  the discussion we had at the bench, we are withdrawing the
6  motion for a downward variance.
7           THE COURT:  Right.  I understand that.  The
8  question is whether I go with the recommendation or just go
9  to the low end of the guideline range because I'm inclined
10 to go to the low end of the guideline range with his
11 criminal history category I plus the mandatory seven years
12 after, so --
13          MR. ROGERS:  I do have argument if the Court would
14 entertain it.  I'll be brief.
15          THE COURT:  Well, I said I've already agreed with
16 you.
17          MR. ROGERS:  Oh, I'm sorry.  I didn't hear that,
18 your Honor.
19          THE COURT:  You can say it if you want to but --
20          MR. ROGERS:  In that case I will accept the wisdom
21 of the Court.
22          THE COURT:  Well, I don't know about that, but I
23 do agree with you in terms of the case and being the low
24 end.
25          Mr. Anderson, I know you want me to just go with

1  the recommendation but --
2         MR. ANDERSON:  I do, but I respect whatever the
3  Court decides today.
4         THE COURT:  And so, Mr. Sherfield, you have the
5  right to address the Court prior to sentencing.  Now would
6  be the time if you wanted to say something.
7         THE DEFENDANT:  Yes, sir.  I just want to
8  apologize to the Court and to my family because I wasn't
9  raised this way, and that's it.  Thank you.
10        MR. ROGERS:  And, your Honor, I would like to note
11 that Mr. Sherfield has a fairly large contingent of family
12 who has driven from around the area today to be here in
13 support of him.
14        THE COURT:  Very good.  Thank you.
15        And then, sir, I wanted to explain to you.  I know
16 we had a bench conference and everything and your counsel
17 spoke to you and I know there is a prospect for additional
18 things coming down the pike.  And so his request for
19 variance and I think why he withdrew it was the Court was
20 only willing to -- and I was willing to consider some kind
21 of variance but only on Count 1.  I would not touch -- and
22 I don't think I can -- touch Count 2, which is Count 10,
23 which is the seven years mandatory.  I wouldn't have
24 touched that and so -- and then there is a risk if I had
25 done that, the government probably wouldn't have pursued

1  any other further relief if I granted you a variance.  You
2  understand all that?
3          THE DEFENDANT:  Yes, sir.
4          THE COURT:  So that's why your counsel is
5  withdrawing this to proceed.
6          Now, the Court has no control whether they
7  actually -- if the government is going to file something.
8  I think that is Mr. Anderson's intent and hopes to, but he
9  doesn't control that.  Do you understand all that?
10         THE DEFENDANT:  Yes, sir.
11         THE COURT:  Okay.  And then do you want to say
12 anything?  You have the right to address the Court.
13         THE DEFENDANT:  No, sir.  I already --
14         THE COURT:  Okay.  Any reason why the Court should
15 not pronounce sentence?
16         MR. ANDERSON:  Not by the government.
17         MR. ROGERS:  Nor from the defense, your Honor.
18         THE COURT:  I am going to give you the low end of
19 the guideline range.  I'm going to do all this -- make sure
20 I'm -- math is not my strong suit, so I hope I got all this
21 right.
22         Pursuant to the Sentencing Reform Act of 1984,
23 having considered the factors noted in 18 USC,
24 Section 3553(a), and having consulted the advisory
25 sentencing guidelines, it is the Judgment of the Court that

1  the defendant is hereby committed to the custody of the
2  Bureau of Prisons to be imprisoned for a total term of
3  181 months.  The term consists of 97 months on Count 1 and
4  84 months on Count 10 of the Second Superseding Indictment,
5  to be served consecutively to Count 1.
6          Did I do that math correctly?
7          MR. ROGERS:  Yes, your Honor.
8          MR. ANDERSON:  Yes.
9          THE COURT:  Okay.  The term of imprisonment
10 imposed by the Judgment shall run consecutively to the
11 defendant's imprisonment in any future State sentence for
12 the following case in which the defendant has a prior
13 undischarged term of imprisonment for a sentence for
14 possession of marijuana greater than 4 ounces, less than or
15 equal to 5 pounds, Docket Number 073860 in the
16 397th District Court of Grayson County here in Sherman,
17 paragraph 89 of the presentence report.
18         I'll recommend you receive drug treatment while
19 you are in prison.
20         While incarcerated, it is recommended that you
21 participate in the Inmate Financial Responsibility Program
22 in accordance with the requirements of that program.  If
23 you do participate in the program, you shall pay 50 percent
24 of your earnings per pay period to your outstanding
25 monetary obligations and penalties.

1         The determination of restitution is deferred for a
2    period of not to exceed 90 days from the date of this
3    order.
4         The Court finds you don't have the ability to pay
5    a fine.  I'll waive the fine in this case.
6         It is ordered you don't have the ability to pay
7    interest, so I will waive the interest requirement in this
8    case.
9         It is ordered you will pay the United States a
10   special assessment of $200, which is due and payable
11   immediately.
12        Any monetary penalty that remains unpaid when the
13   supervision commences is to be paid on a monthly basis at a
14   rate of at least 10 percent of your gross income.  The
15   percentage of gross income to be paid with respect to any
16   restitution and/or fine is to be changed during
17   supervision, if needed, based on your changed
18   circumstances, pursuant to 18 USC, Section 3664(k) and/or
19   18 USC, Section 3572(d)(3), respectively.
20        If you receive any inheritance, any settlements
21   (including divorce settlement and personal injury
22   settlement), gifts, tax refunds, bonuses, lawsuit awards,
23   and any other receipt of money (to include, but not be
24   limited to, gambling proceeds, lottery winnings, and money
25   found or discovered), you must, within five days of

1  receipt, apply 100 percent of the value of such resources
2  to any financial penalty ordered.
3         None of the payment terms imposed by this Judgment
4  preclude or prohibit the government from enforcing the
5  unpaid balance of the restitution or monetary penalties
6  imposed herein.
7         Upon release from imprisonment, you shall be
8  placed on supervised release for a term of five years.  The
9  term consists of three years on Count 1 and a term of five
10 years on Count 10, all such terms to run concurrently.
11        Within 72 hours of release from the custody of the
12 Bureau of Prisons, you must report in person to the
13 Probation Office in the district where you are released.
14 You must not commit another federal, state, or local crime
15 and must comply with the standard conditions that have been
16 adopted by this Court in General Order 17-3.
17        In addition, you must comply with the mandatory
18 and special conditions and instructions that have been
19 provided to you and your counsel as part of the presentence
20 report prior to sentencing, which the Court hereby adopts.
21        And, Counsel, did you go over the General
22 Order 17-3 on our standard conditions?
23        MR. ROGERS:  Yes, your Honor.
24        THE COURT:  And were there any objections to
25 those?

1          MR. ROGERS:  There are not.
2          THE COURT:  And then would you like me to include
3    any placement recommendation for his placement?
4          MR. ROGERS:  We would ask for Seagoville, your
5    Honor.
6          THE COURT:  Okay.  I'll go ahead and put
7    Seagoville.  It is not binding on the Bureau of Prisons,
8    but I will include that in my Judgment.
9          So, sir, you have the right to appeal your
10   conviction if you believe your guilty plea was somehow
11   unlawful or involuntary or if there was some other
12   fundamental defect in the proceedings that were not waived
13   by your guilty plea.  You have a statutory right to appeal
14   your sentence under certain circumstances, particularly if
15   you believe your sentence is contrary to law.  However, you
16   can waive some of these rights as part of your Plea
17   Agreement, and you have entered into a Plea Agreement which
18   waives certain rights to appeal your conviction and your
19   sentence.  With the exception of the grounds reserved in
20   your Plea Agreement, you have waived any right to appeal in
21   this case.  Such waivers are generally enforceable, but if
22   you believe the waiver is not enforceable, you would need
23   to present that theory to the appellate court.  With few
24   exceptions, any Notice of Appeal must be filed within
25   14 days of the Judgment being entered in this case.

1    If you are unable to pay the cost of the appeal,
2 you can apply for leave to appeal *in forma pauperis*, which
3 is without payment of fees.  And if you so request
4 assistance, the Clerk of the Court will prepare and file a
5 Notice of Appeal on your behalf.
6    Now, your presentence report is already part of
7 the record.  It's under seal and will remain under seal
8 unless needed for purposes of appeal.
9    Does the government want to dismiss the remaining
10 counts and underlying indictments?
11    MR. ANDERSON:  Yes, your Honor.
12    THE COURT:  Okay.  I'll grant that request.
13    And anything further from the government?
14    MR. ANDERSON:  No, your Honor.
15    THE COURT:  Anything further from defense?
16    MR. ROGERS:  No, your Honor.
17    THE COURT:  Okay.  Mr. Rogers -- sorry.  I'm not
18 sending you to custody.
19    I'm sorry.  Mr. Sherfield, I am sending you back
20 into custody pending your placement.  Good luck, sir.
21    THE DEFENDANT:  Thank you.
22    (Proceedings concluded, 11:58 a.m.)
23 <u>COURT REPORTER'S CERTIFICATION</u>
         I HEREBY CERTIFY THAT ON THIS DATE, MARCH 7,
24 2024, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD
   OF PROCEEDINGS.
25              /s/
         _____
         CHRISTINA L. BICKHAM, CRR, RDR